E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section
ADAM I. GAFNI (Cal. Bar No. 230045)
Assistant United States Attorney
        Federal Building, Suite 7516
        300 North Los Angeles Street
        Los Angeles, California 90012
        Telephone: (213) 894-2404
        Facsimile: (213) 894-7819
        E-mail: adam.gafni@usdoj.gov

Attorneys for Defendant
UNITED STATES OF AMERICA

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| RICHARD CLINTON FOSHEE,<br><br>                Plaintiff,<br><br>        v.<br><br>UNITED STATES OF AMERICA,<br><br>                Defendants. | No. 8:23-cv-00375- CJC(JDEx)<br><br>**DEFENDANT UNITED STATES OF AMERICA'S AMENDED ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Hon. Cormac J. Carney<br>United States District Judge |

Defendant United States of America ("United States"), by and through the undersigned counsel, and in response to Plaintiff Richard Clinton Foshee ("Plaintiff") Complaint for Damages ("Complaint") (Dkt. 1), hereby admits, denies, and answers the Complaint as follows:

### JURISDICTION

1.      The allegations contained in Paragraph 1 constitute Plaintiff's allegations concerning jurisdiction to which no response is required. To the extent a response is deemed required, the United States admits only that Plaintiff purports to bring the present matter pursuant to the Federal Tort Claims Act ("FTCA") and that this Court has

1

exclusive jurisdiction over such suits. The United States further admits that on September 2, 2021, the United States Postal Service ("USPS") received Plaintiff's administrative claim regarding the incident at issue. Plaintiff's administrative claim was denied on March 13, 2023. The United States denies any remaining allegations contained in Paragraph 1.

2.    The allegations contained in Paragraph 2 constitute Plaintiff's allegations concerning jurisdiction to which no response is required. To the extent a response is deemed required, the United States admits that jurisdiction is proper under the FTCA.

**II. VENUE**

3.    The allegations of Paragraph 3 constitute Plaintiff's allegations concerning venue to which no response is required. To the extent a response is deemed required, the United States admits that the motor vehicle accident giving rise to this Complaint occurred on Ashland Drive in Laguna Hills, Orange County, California. The United States lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 3, and on that basis, denies.

**III. PARTIES**

4.    The United States lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 4 and on that basis, denies.

5.    The United States denies the allegations in Paragraph 5.

6.    The United States denies that USPS is a proper defendant in this action. The United States admits the remaining allegations in Paragraph 6.

7.    The United States denies that Ahmad Shafiq Haidary is a proper defendant in this action. The United States admits that Mr. Haidary was employed by USPS and was acting within the course and scope of his USPS employment. The United States denies the remaining allegations in Paragraph 7.

**IV. FACTS**

8.    The United States admits that USPS owned and operated Vehicle No. 0215995.The United States denies the remaining allegations in Paragraph 8.

2

9.   The United States admits that Mr. Haidary was in the course and scope of his employment with USPS. The United States denies the remaining allegations in Paragraph 9.

10.   The United States lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 10 and on that basis, denies.

11.   The United States lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 11 and on that basis, denies.

12.   The United States denies the allegations in Paragraph 12.

13.   The United States lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 13 and on that basis, denies.

14.   The United States lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 14 and on that basis, denies.

15.   The United States lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 15 and on that basis, denies.

16.   The United States admits that USPS received Plaintiff's administrative claim on September 2, 2021.  The United States denies the remaining allegations in Paragraph 16.

## V. CAUSE OF ACTION

### NEGLIGENCE UNDER FEDERAL TORT CLAIMS ACT

(By Plaintiff RICHARD CLINTON FOSHEE against DEFENDANTS inclusive)

17.   The United States reincorporates its answers to Paragraphs 1 through 16 as if fully set forth herein and incorporate same by reference.

18.   The United States denies the allegations in Paragraph 18.

19.    The allegations of Paragraph 19 is a citation to the California Vehicle Code, to which no response is required. To the extent a response is deemed required, the United States responds that the code speaks for itself.

20.    The United States denies the allegations in Paragraph 20.

21.    The allegations of Paragraph 21 is a citation to the California Vehicle Code, to which no response is required. To the extent a response is deemed required, the United States responds that the code speaks for itself.

22.    The United States denies the allegations in Paragraph 22.

23.    The United States denies the allegations in Paragraph 23.

24.    The United States denies the allegations in Paragraph 24.

25.    The United States denies the allegations in Paragraph 25.

26.    The United States denies the allegations in Paragraph 26.

27.    The United States denies the allegations in Paragraph 27.

28.    The United States denies the allegations in Paragraph 28.

29.    The United States denies the allegations in Paragraph 29.

30.    The United States lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 30 and on that basis, denies.

**PRAYER**

The remainder of the Complaint consists of Plaintiff's Prayer for Relief to which no response is required. To the extent a response is deemed required, the United States denies that Plaintiff is entitled to any relief whatsoever.

**GENERAL DENIAL**

The United States hereby generally and specifically denies each and every allegation of the Complaint that has not been otherwise expressly admitted.

**JURY TRIAL**

Plaintiff's demand for a jury trial should be stricken. Plaintiff is not entitled to a jury trial against the United States. 28 U.S.C. 2402.

4

## **AFFIRMATIVE DEFENSES**

1.      Plaintiff fails to state a claim upon which relief may be granted.

2.      Plaintiff's recovery, if any, is limited to the damages recoverable under the FTCA.

3.      Pursuant to 28 U.S.C. § 2674, Plaintiff is proscribed from recovering any amount for pre-judgment interest.

4.      Pursuant to 28 U.S.C. § 2675(b), Plaintiff is prohibited from claiming or recovering an amount in excess of that set forth in his administrative claim.

5.      Pursuant to 28 U.S.C. § 2412(d)(1)(A), Plaintiff cannot recover attorney's fees.

6.      Plaintiff's damages, if any, were not proximately caused by USPS, and Plaintiff is therefore barred from recovery, including but not limited to that there was a superseding cause or third-party fault that caused or contributed to Plaintiff's claimed injuries and damages, if any, such that Plaintiff's recovery as against the United States should be reduced and/or apportioned on the basis of such responsibility.

7.      Alternatively, Plaintiff's fault in causing the incident at issue and any resulting damages must be compared against the negligence, if any, of the United States, and Plaintiff's damages, if any, must be reduced by his percentage of fault in causing the incident at issue.

8.      Plaintiff failed to mitigate his damages, and a judgment, if any, in his favor must be proportionately reduced by his failure to so mitigate.

9.      The United States is entitled to an offset for all benefits paid to Plaintiff by any agency of the United States or through funds which are provided by the United States.

10.     Plaintiff is barred from bringing any claim falling outside of the applicable statute of limitations.

11.     Plaintiff has no right to a jury trial against the United States. 28 U.S.C. § 2402.

1     WHEREFORE, the United States prays for judgment as follows:

2     1.    That judgment be entered for the United States and against Plaintiff;

3     2.    That Plaintiff's Complaint and action be dismissed in its entirety;

4     3.    That the United States be awarded costs and disbursements in this action;

5     and

6     4.    That the United States be awarded such other and further relief as this Court

7     may deem appropriate.

Dated: May 7, 2024          Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section


     */s/ Adam I. Gafni*
ADAM I. GAFNI
Assistant United States Attorney

Attorneys for Defendant
UNITED STATES OF AMERICA

6