JOSEPH T. MCNALLY
Acting United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section
JASMIN YANG (Cal. Bar No. 255254)
PAULINE H. ALARCON (Cal. Bar No. 345785)
Assistant United States Attorneys
   Federal Building, Suite 7516
   300 North Los Angeles Street
   Los Angeles, California 90012
   Telephone: (213) 894-8827 (Yang), -3992 (Alarcon)
   Facsimile: (213) 894-7819
   E-mail: Jasmin.Yang@usdoj.gov;
      Pauline.Alarcon@usdoj.gov

Attorneys for Defendant
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| RICHARD CLINTON FOSHEE, an individual,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Defendant. | No. 8:23-cv-00375-ODW-JDEx<br><br>**DEFENDANT UNITED STATES OF AMERICA'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**<br><br>**Final Pretrial Conference**<br>Date: February 24, 2025<br>Time: 1:30 p.m.<br>Court: First Street Courthouse<br>　　　350 West 1st Street, Courtroom 5D<br>　　　Los Angeles, CA 90012<br><br>Honorable Otis D. Wright II<br>United States District Judge |

Pursuant to Central District Local Rule 52-1, defendant United States of America ("United States") submits the following Proposed Findings of Fact and Contentions of Law.

**I.      PROPOSED FINDINGS OF FACT**

1. Richard Clinton Foshee ("Plaintiff") brings this personal injury action for damages against the United States pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346 and 2671 *et seq*.

2. The motor vehicle accident giving rise to this action occurred on March 6, 2021, at approximately 3:39 p.m. between Plaintiff and United States Postal Service ("USPS") Carrier Ahmad Shafiq Haidary.

3. The accident occurred on Ashland Drive in Laguna Hills, Orange County, California, in front of the residence located at 24692 Ashland Dr., Laguna Hills 92653.

4. The speed limit on this portion of Ashland Drive was 25 mph.

5. The weather was clear.

6. Plaintiff was driving a 2012 Chevrolet Cruze.

7. Mr. Haidary was acting within the course and scope of his USPS employment and was driving a USPS Long Life Vehicle No. 0215995 (the "LLV").

8. Prior to the accident, Mr. Haidary had been delivering mail to mailboxes on Ashland Drive.

9. Mr. Haidary had parked the LLV facing northbound at the curb in front of 24692 Ashland Drive for no more than two or three minutes while he was delivering mail.

10. After delivering the mail, Mr. Haidary entered the LLV's right-side driver's seat, turned on the engine, activated his left turn signal, checked his left and right mirrors a couple of times, primarily focused on traffic to his left side, before planning to re-enter the road.

1   11. Mr. Haidary saw Plaintiff's Chevrolet Cruze from his left mirror coming from very far away, but believed he had plenty of time to safely enter the street, given the 25-mile per hour speed limit on Ashland Drive.

12. Mr. Haidary observed Plaintiff's vehicle in his larger left side mirror, partially obscured by the hill, which was about 200-300 feet away, or approximately five house lengths behind the LLV.

13. Mr. Haidary began to re-enter the roadway on Ashland Drive.

14. Plaintiff saw the LLV but did not stop.

15. Plaintiff attempted to overtake and pass the LLV on the LLV's left-side and swerved around the left side of the LLV into the opposing lane of traffic to attempt to drive around the LLV.

16. When Mr. Haidary was almost back into the street, the LLV collided with Plaintiff's vehicle.

17. The left front of the LLV and right/passenger side of Plaintiff's vehicle came into contact.

18. Plaintiff's airbags did not deploy.

19. Plaintiff was able to walk following the accident.

20. Plaintiff was able to drive following the accident.

21. No paramedics were called to the scene of the accident.

22. Sandra Labastida, Mr. Haidary's supervisor on March 6, 2021, came to the scene of the accident and spoke with Plaintiff and Mr. Haidary.

23. Plaintiff drove his vehicle away from the accident scene and went to a park immediately after the accident.

24. Mr. Haidary drove the LLV away from the accident scene.

25. The testimony of the United States' accident reconstruction expert, Benjamin Molnar, P.E., as to the impact configuration, closing speeds, and principal direction of force, of each vehicle before and during the accident, was credible and convincing. Plaintiff's expert testimony about the speed, trajectory, and impact

configuration of the vehicles is not persuasive to the extent that it differs from Mr. Molnar's opinions.

26. The testimony of the United States' biomechanics expert, Todd Roescher, PhD, P.E., concerning the biomechanical cause of Plaintiff's claimed symptoms was credible and convincing. Plaintiff's expert testimony concerning the biomechanical cause of Plaintiff's claimed injuries is not persuasive to the extent that it differs from Mr. Roescher's opinions.

27. At the time of the accident, Plaintiff was 43 years old.

28. Prior to the accident, Plaintiff had a history of concussions from playing football in high school.

29. Prior to the accident, Plaintiff suffered from severe depression and anxiety.

30. Prior to the accident, Plaintiff had trained extensively and competed in jiu jitsu for several years.

31. Prior to the accident, Plaintiff had experienced head strikes from practicing mixed martial arts.

32. At the time of the accident, Plaintiff was working as a real estate agent.

33. Plaintiff went to Kaiser Urgent Care on the day of the accident, March 6, 2021.

34. At Kaiser Urgent Care, Plaintiff denied losing consciousness.

35. Kaiser Urgent Care diagnosed Plaintiff with a strain of his cervical and lumbar spine and referred him to chiropractic therapy.

36. Plaintiff had over 100 sessions of chiropractic therapy following the accident.

37. Plaintiff has had consultations with an orthopedic surgeon, Dr. Gilman, and a neurosurgeon, Dr. Eckerman, who were referred to him by his counsel.

38. Plaintiff's physicians at Kaiser performed cervical epidural injections on October 20, 2021 and June 9, 2022.

39. Plaintiff received a lumbar epidural injection on March 16, 2022.

40. Plaintiff underwent a C5-6 anterior cervical discectomy and fusion on September 15, 2022 at Kaiser.

41. All of Plaintiff's non-Kaiser medical care and his chiropractic care has been on a lien basis and has not yet been paid.

42. Plaintiff was involved in two subsequent motor vehicle accidents subsequent to March 6, 2021: on November 4, 2022, and September 18, 2024.

43. The United States' medical expert, orthopedic surgeon Brian Rudin, M.D., reviewed Plaintiff's medical records and examined Plaintiff on June 12, 2024.

44. Dr. Rudin's expert testimony, as to Plaintiff's injuries, recovery, and necessary medical care, was credible and convincing.

45. The United States' medical expert, neurologist and interventional pain specialist Ilan Danan, M.D., reviewed Plaintiff's medical records and examined Plaintiff on May 17, 2024.

46. Dr. Danan's expert testimony, as to Plaintiff's injuries, recovery, and necessary medical care, was credible and convincing.

47. The United States' neuropsychology expert, Charles H. Hinkin, Ph.D., reviewed Plaintiff's medical records and conducted a neuropsychological evaluation of Plaintiff on July 15, 2024.

48. Dr. Hinkin's expert testimony concerning Plaintiff's claimed cognitive and concussion symptoms, was credible and convincing.

49. The United States' medical expert, Brant-Zawadski, M.D., a neuroradiologist, reviewed Plaintiff's medical records.

50. Dr. Brant-Zawadski's expert testimony concerning Plaintiff's brain imaging was credible and convincing.

51. The testimony of Plaintiff's retained medical experts was not persuasive to the extent that they differed from Dr. Rudin, Dr. Danan, Dr. Hinkin, and Dr. Brand-Zawadski's opinions.

52. The testimony of the United States' medical billing expert, Lindsay Knutson, concerning the reasonable value of Plaintiff's medical bills was credible and convincing.

53. Plaintiff failed to provide admissible evidence of the reasonable value of any expected future medical expenses attributable to accident.

54. Plaintiff failed to provide any credible evidence establishing his loss of earnings.

55. Any findings of fact deemed to be a conclusion of law is hereby incorporated into the Conclusions of Law.

## II. PROPOSED CONCLUSIONS OF LAW

1. To have a cognizable claim under the FTCA, 28 U.S.C. § 2671, *et seq.*, the claim must arise from the negligent or wrongful act of a government employee acting within the scope of his or her employment under the circumstances where the United States, if it were a private individual, would be liable under the law of the State where the claim arose. 28 U.S.C. §§ 1346(b)(1).

2. Cases brought under the FTCA are governed by the "law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).

3. To establish a claim for negligence under California law, a plaintiff must demonstrate (1) a legal duty to use due care, (2) a breach of that legal duty, and (3) the breach as the proximate or legal cause of the resulting injury. *See Vasilenko v. Grace Family Church*, 404 P.3d 1196, 1198 (Cal. 2017).

### A. Liability

4. To the extent Plaintiff claims anything beyond a soft tissue injury to his neck and back, Plaintiff did not meet his burden of proof in establishing that the United States is liable on his negligence claim.

5. A plaintiff bears the burden of proving a defendant's conduct was a "substantial factor in bringing about the injury." *Leslie G. v. Perry & Assoc.*, 43 Cal. App. 4th 472, 481 (Cal. Ct. App. 1996).

6. In order to be legally sufficient, evidence of causation must demonstrate that it was "more likely than not that the injury was a result of [the defendant's] action." *Bowman v. Wyatt*, 186 Cal. App. 4th 286, 312 (Cal. Ct. App. 2010) (quotation omitted).

7. To the extent Plaintiff is claiming anything beyond a soft tissue injury to his neck and back, Plaintiff failed to establish that his claimed injuries are attributable to the March 6, 2021, accident.

8. Plaintiff had pre-existing degenerative disc disease and an extensive history of head trauma from jiu jitsu, mixed martial arts, and football.

9. Plaintiff was involved in two car accidents subsequent to the March 6, 2021 accident.

10. Plaintiff is a long-term psychiatric patient, which may impair his perceptions regarding the nature of his injuries and his ability to distinguish between pre-existing and new injuries.

### B. Plaintiff's Negligence

11. In order to establish that Plaintiff was negligent, the United States must prove that: (a) Plaintiff had a duty to use reasonable care in driving his vehicle; (b) he breached that duty; and (c) his breach was a proximate or legal cause of the resulting injury. CACI No. 400, 700, 705 (2017).

12. California law holds that "passing is only legal if it is safe . . . [a]nd passing is not safe unless a driver, before attempting to pass another car, can see that the left lane is free from traffic and that there is enough room in the right lane to overtake the slower vehicle without cutting it off." *People v. Escarcega*, 32 Cal App. 5th 362, 372 (2019).

13. Plaintiff's damages must be reduced by the percentage of his responsibility if: (a) Plaintiff was negligent; and (b) Plaintiff's negligence was a substantial factor in causing his harm. CACI No. 405 (Dec. 2009).

14. A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor. It does not have to be the only cause of the harm. Conduct is not a substantial

factor in causing harm if the same harm would have occurred without that conduct. CACI No. 430.

15. Plaintiff failed to drive in a reasonably safe manner. Plaintiff attempted to pass and cut off Mr. Haidary when there was not adequate room for him to safely pass, leading to the accident.

16. Plaintiff's failure to drive in a reasonably safe manner directly caused the accident.

### C. Damages

17. A plaintiff has the burden of showing that medical services were attributable to the accident, that they were necessary, and that charges were reasonable. *Dimmick v. Alvarez*, 196 Cal. App. 2d 211 (1961).

18. Plaintiff's alleged injuries were not caused by the accident. Plaintiff had pre-existing degenerative disc disease prior to the accident, had engaged in years of jiu jitsu and mixed martial arts training prior to the accident, and had two subsequent car accidents following the accident.

19. The injuries, if any, that Plaintiff could have sustained in the accident would have been treatable with chiropractic care and physical therapy and would have healed within four to eight weeks.

20. The amount a plaintiff may recover is limited to "the lesser of (1) the amount paid or incurred for past medical expenses and (2) the reasonable value of the services." *Corenbaum v. Lampkin*, 215 Cal. App. 4th 1308, 1325–26 (Cal. Ct. App. 2013).

21. Under California law, medical bills alone are not evidence of the reasonable value of medical services. *Howell v. Hamilton Meats & Provisions, Inc.*, 257 P.3d 1130, 1146 (Cal. 2011) ("Where the provider has, by prior agreement, accepted less than a billed amount as full payment, evidence of the full billed amount is not itself relevant on the issue of past medical expenses."). Medical providers typically enter into agreements with private insurers in which the medical providers agree to accept discounted

payments for the services provided to insured patients. *Corenbaum*, 215 Cal. App. 4th at 1325. Therefore, the mere proffer of medical bills is insufficient since bills rarely reflect the actual cost of the medical services. *Id*. at 1324–26.

22. To recover damages for future medical expenses, a plaintiff has the burden of proving by a preponderance of the evidence the reasonable value of each of the expected future medical expenses reasonably certain to be needed in the future and attributable to the tort. CACI No. 3903A (Sept. 2003).

23. Plaintiff has failed to prove damages related to future medical care.

24. Although there is no fixed standard to calculate the amount a plaintiff may recover for pain and suffering, any damages award for pain and suffering must be reasonable, based on the evidence and factfinder's common sense, and caused by the tort. CACI No. 3905A (Dec. 2011).

25. A plaintiff's past medical bills may not be used to establish pain and suffering damages. *Corenbaum*, 215 Cal. App. 4th at 1333.

26. Plaintiff has failed to sufficiently prove his pain and suffering damages.

27. Any conclusion of law deemed to be a finding of fact is hereby incorporated into the findings of fact.

Dated: February 14, 2025

Respectfully submitted,

JOSEPH T. MCNALLY
Acting United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section

 /s/ *Jasmin Yang*
JASMIN YANG
PAULINE H. ALARCON
Assistant United States Attorneys

Attorneys for Defendant
United States of America