Russ W. Ercolani (SBN 240493)
Russ@WestlakeInjury.com
Melissa L. Emerson (SBN 343982)
WESTLAKE INJURY LAW
4165 E. Thousand Oaks Blvd., Suite 350
Westlake Village, CA 91362
Telephone: +1 805 338 6880
Facsimile: + 1 805 367 4454

Attorneys for Plaintiff
RICHARD CLINTON FOSHEE

JOSEPH T. MCNALLY
Acting United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section
JASMIN YANG (Cal. Bar No. 255254)
Assistant United States Attorney
PAULINE H. ALARCON (Cal. Bar No. 345785)
Assistant United States Attorney
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-8827
    Facsimile: (213) 894-7819
    E-mail: Jasmin.Yang@usdoj.gov;
          Pauline.Alarcon@usdoj.gov

Attorneys for Defendant
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| RICHARD CLINTON FOSHEE,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | No. 8:23-cv-00375-ODW-JDEx<br><br>**AMENDED JOINT WITNESS LIST**<br><br>[Local Rule 16-5]<br><br>Bench Trial: March 18-21, 2025<br><br>Honorable Otis D. Wright II<br>United States District Judge |

1

Pursuant to Fed. R. Civ. P. 26(a)(3)(A), Local Rule 16-5, and the Court's June 20, 2024 Order (Dkt. 30), plaintiff Richard Clinton Foshee ("Plaintiff") and defendant United States of America ("United States" or "Defendant") (together, the "parties") submit this amended joint witness list.

## I. JOINT WITNESSES

### A. Fact Witnesses

#### 1. Richard Clinton Foshee

Plaintiff was the driver of the vehicle involved in the motor vehicle accident. Plaintiff is expected to testify regarding the circumstances surrounding the accident. Plaintiff will also testify regarding his alleged physical injuries, his alleged cognitive injuries, and medical treatment he received following the accident at issue in this case. Plaintiff is also anticipated to testify concerning his pre-accident history, his prior athletic history (including football, mixed martial arts, and Brazilian jiu-jitsu), his social media posts, and his work performance following the accident.

Plaintiff's testimony is unique because it is a firsthand account of the other driver involved in the accident.

Plaintiff Examination Estimate: 1.5 Hours

Defendant Examination Estimate: .75 Hours

#### 2. Ahmad Shafiq Haidary

Mr. Haidary was the driver of the Postal Truck involved in the motor vehicle accident. Mr. Haidary is expected to testify regarding the training he received before becoming a City Carrier Assistant with the United States Postal Service ("USPS"). Mr. Haidary will testify regarding the circumstances surrounding, and immediately following, the motor vehicle accident. He is expected to testify about the damage he observed to his vehicle, and Plaintiff's vehicle.

Mr. Haidary's testimony is unique because he was the driver of the Postal Truck involved in this accident and, as such, he is Defendant's only witness with firsthand knowledge of the facts surrounding this incident.

Plaintiff Examination Estimate: .5 Hour<br>
Defendant Examination Estimate: .5 Hour

      3.      <u>Sandra Labastida</u>

Sandra Labastida was the Postal Service investigator who responded to the scene of the collision after it was reported by Ahmad Shafiq Haidary. She is also the U.S.P.S. employee who completed the PS Form 1769/301 Accident Report on behalf of the U.S. Postal Service. Ms. Labastida is expected to testify the circumstances surrounding her role in investigating this collision, including her response to the scene of the collision the day it occurred, her investigation into the cause of the collision, and her determination that Mr. Haidary had engaged in an "Unsafe Practice" of "Failure to check clearance," as stated on the PS Form 1769/301 Accident Report.

Ms. Labastida's testimony is unique because she is the USPS Supervisor who responded to the scene of the collision and conducted the investigation of the collision on behalf of USPS. She made the notation in the USPS Accident Form that Mr. Haidary "fail[ed] to check clearance."

Plaintiff Examination Estimate: .5 hours<br>
Defendant Examination Estimate: .5 hours

## II.    PLAINTIFF'S WITNESSES

      1.      <u>Fardad Mobin, M.S., M.D.</u>

Dr. Mobin is Plaintiff's retained expert neurological surgeon, with a specialty in spine surgery. Dr. Mobin is expected to offer testimony on the following subject, which are set forth in his Rule 26 Report and his Rule 26 Rebuttal Report: (a) the results of his medical examination of Plaintiff on September 13, 2024; (b) his review of Plaintiff's medical records and past medical treatment, specifically as they pertain to Plaintiff's spinal injuries, including his cervical and lumbar spine; (c) his independent review and analysis of Plaintiff's diagnostic imaging of his spine; (d) medical causation for Plaintiff's alleged injuries, from a neurological perspective; (e) the reasonableness and

necessity of past medical care claimed by Plaintiff, most notably Plaintiff's need for his Anterior Cervical Discectomy and Fusion ("ACDF") surgery; (f) the lack of any medical treatment for cervical radiculopathy and related symptomology prior to the collision on March 6, 2021; (g) Plaintiff's continued complaints of neck pain with tingling and numbness in his right upper extremity; and (h) Plaintiff's need for future medical care.

Moreover, Dr. Mobin is expected to offer testimony in rebuttal to Defense experts Dr. Brian Rudin and Dr. Ilan Danan, notably to refute their conclusion that Plaintiff's injuries were due to degenerative changes, to refute Dr. Danan's conclusion that Plaintiff's C6 radiculopathy was an outcome of his ACDF surgery, and Dr. Mobin's opinion that Plaintiff was unusually susceptible to develop neck pain and radiculopathy as a result of the collision on March 6, 2021.

Dr. Mobin's testimony is unique, because he is Plaintiff's only witness who will testify regarding the nature and extent of Plaintiff's injuries relating to his spine, and medical causation of his spinal injuries as they relate to the collision on March 6, 2021.

Direct Examination Estimate: 1 hour

Cross Examination Estimate: .5 hours

    2. <u>Kenneth Tenny</u>

Kenneth Tenny is a long-term friend of Plaintiff. He used to train Jiu Jitsu with Plaintiff prior to the collision on March 6, 2021, and has seen firsthand the impact of Plaintiff's physical injuries, including but not limited to, his cervical injury which has prevented him from being able to train Jiu Jitsu since the collision, his diminished memory, and the psychological and emotional impact that Plaintiff's injuries have had.

Mr. Tenny's testimony is unique because he is a former Jiu Jitsu training partner who has witnessed Plaintiff's physical and mental decline after the collision on March 6, 2021.

Direct Examination Estimate: .75 hours

Cross Examination Estimate: .25 hours

4

3. <u>Tyler Thompson</u>

Tyler Thomson is Plaintiff's brother and Power of Attorney. Mr. Thompson is expected to testify regarding Plaintiff's damages, including but not limited to, his diminished memory, the effects it has had on his ability to manage his daily affairs, and the need for Plaintiff to appoint him as Power of Attorney to help manage Plaintiff's financial affairs.

Mr. Thompson's testimony is unique because, as Plaintiff's brother and Power of Attorney, he is particularly situated to testify regarding Mr. Foshee's damages and the impact that Mr. Foshee's diminished memory has had on his ability to manage his daily and financial affairs.

Direct Examination Estimate: .75 hours

Cross Examination Estimate: .25 hours

4. <u>Albert Chavez</u>

Albert Chavez is Plaintiff's business assistant. Mr. Chavez is expected to testify regarding Plaintiff's damages, including but not limited to, his personal observations of the changes in Plaintiff's demeanor, memory, and ability to conduct his real estate business, the substantial impact Plaintiff's injuries have had on his real estate business, and Plaintiff's need for Mr. Chavez's services to manage his business affairs.

Mr. Chavez's testimony is unique because, as Plaintiff's assistant who works with Mr. Foshee daily, he is particularly situated to testify regarding Mr. Foshee's damages and the impact that Mr. Foshee's diminished memory has had on his ability to manage his business and daily affairs.

Direct Examination Estimate: .75 hours

Cross Examination Estimate: .25 hours

5. <u>Jan Roughan, BSN, RN, PHN, CRRN/ABSNC, CNLCP, CCM</u>

Jan Roughan is Plaintiff's retained lifecare planner and medical billing expert. Ms. Roughan is expected to offer testimony on the following subjects, which are set forth in

her Rule 26 Report: (a) Plaintiff's future medical needs (i.e. his lifecare plan); (b) costs of Plaintiff's future medical needs; (c) Plaintiff's past medical expenses; (d) reasonableness of billing of Plaintiff's past medical expenses; and (e) review of pertinent records.

    Ms. Roughan's testimony is unique, because she is Plaintiff's only witness who will testify as to Plaintiff's lifecare plan and reasonableness of past and future medical expenses.

Direct Examination Estimate: 1 hour
Cross Examination Estimate: .5 hours

### 6. Jesse L. Wobrock ,Ph.D

Dr. Wobrock is Plaintiff's retained expert biomechanical engineer and accident reconstructionist. Dr. Wobrock is expected to offer testimony on the following subjects, which are set forth in his Rule 26 Report: (a) the results of his inspection of Plaintiff's vehicle; (b) collision sequence; (c) vehicle damage; (d) Delta-V; (e) mechanism of injury; and (f) review of pertinent records.

    Dr. Wobrock is further expected to offer testimony in rebuttal to Defendant's expert witnesses Benjamin t. Molnar and Todd Roescher, particularly as their opinions rely on their "occupant kinematics testing/video." Dr. Wobrock will testify that the defense experts drove a vehicle around making "hard steering maneuvers" and "swerving." This "testing" did not involve any impacts to the vehicle compared to the collision and is not consistent with the kinematics involved in the collision, such that it should not be relied upon.

    Dr. Wobrock's testimony is unique, because he is Plaintiff's only witness who will testify as to biomechanics and accident reconstruction.

Direct Examination Estimate: 1 hours
Cross Examination Estimate: .5 hours

### 7. Hyman Gross, M.D.

Dr. Gross is Plaintiff's retained expert neurologist. Dr. Gross is expected to offer

testimony on the following subject, which are set forth in his Rule 26 Report and his Rule 26 Rebuttal Report: (a) the results of his neurological and neuropsychological examination of Plaintiff on September 23, 2023; (b) his review of Plaintiff's medical records and past medical treatment, specifically as they pertain to Plaintiff's TBI symptoms, most notably his memory issues; (c) his independent review and analysis of Plaintiff's advanced brain MRI and objective findings of traumatic brain injury; (d) medical causation for Plaintiff's alleged traumatic brain injury; (e) the reasonableness and necessity of past medical care claimed by Plaintiff; (f) the lack of any traumatic head injuries or treatment for head injury prior to the collision on March 6, 2021; (g) Plaintiff's continued complaints of memory issues and cognitive decline; and (h) Plaintiff's need for future medical care.

Moreover, Dr. Gross is expected to offer testimony in rebuttal to Defense experts Ilan Danan and Charles Hinkin, notably to highlight Dr. Hinkin's use of outdated, and limited, psychometric testing of Plaintiff, as well as Dr. Danan's reliance on the radiological report by nonspecialist radiologist at Kaiser of a routine, non-advanced brain MRI, that he did not personally review.

Dr. Gross's testimony is unique, because he is Plaintiff's only witness who will testify regarding the nature and extent of Plaintiff's injuries relating to his traumatic brain injury and medical causation of his TBI as it relates to the collision on March 6, 2021.

Direct Examination Estimate: 1.25 hours

Cross Examination Estimate: .5 hours

### III. DEFENDANT'S WITNESSES

#### A. Fact Witnesses

Defendant's fact witnesses are listed in the Joint Witness Section of this list.

### B. Expert Witnesses

#### 1. Ben Molnar, P.E.

Mr. Molnar is Defendant's retained expert on accident reconstruction. He is expected to offer expert testimony on the following subjects, which were addressed in his Rule 26 Report: (a) the location of the accident; (b) accident sequence; (c) the persons and vehicles involved; (d) damage to the vehicles involved; (e) speed of the vehicles involved; (f) measurements; (g) causation; (h) calculations; and (i) review of pertinent records, including, but not limited to, photographs, depositions, and the police report.

Ms. Molnar's testimony is unique, because he is Defendant's only witness who will testify as to accident reconstruction.

Direct Examination Estimate: 1 hour
Cross Examination Estimate: .5 hours

#### 2. Brian D. Rudin, M.D.

Dr. Rudin is Defendant's retained expert on orthopedics. Dr. Rudin is expected to testify as to orthopedic related issues surrounding Plaintiff's injuries. Dr. Rudin is expected to offer expert testimony on the following subjects, which were addressed in his Rule 26 Report: (a) the results of his independent medical examination of Plaintiff on June 12, 2024; (b) the nature and extent of Plaintiff's injuries, if any; (c) medical causation for Plaintiff's alleged injuries, from an orthopedics perspective; and (d) the reasonableness and necessity of past medical care claimed by Plaintiff.

Dr. Rudin's testimony is unique, because he is Defendant's only witness who will testify regarding the nature and extent of Plaintiff's orthopedic injuries, and whether such injuries were caused by the accident at issue in this case.

Direct Examination Estimate: 1.5 Hours
Cross Examination Estimate: 1 hours

#### 3. Lindsay Knutson

Ms. Knutson is Defendant's retained expert on medical billing. Ms. Knutson is

8

expected to offer expert testimony on the following subjects, which were addressed in her Rule 26 Report: (a) her methodology for calculating the reasonable value of medical services; (b) her calculation of the reasonable value of Plaintiff's medical services; and (c) the reasonableness of past medical care claimed by Plaintiff.

Ms. Knutson's testimony is unique, because she is Defendant's only witness who will testify regarding the reasonable value of Plaintiff's medical services.

Direct Examination Estimate: .75 hours

Cross Examination Estimate: .5 hours

### 4. Todd Roescher

Mr. Roescher is Defendant's retained expert on biomedical engineering. Mr. Roescher is expected to offer expert testimony on the following subjects, which were addressed in his Rule 26 Report: (a) the mechanism of injury; (b) related factors; (c) causation from a biomechanical point of view; (d) site inspection findings; and (e) review of pertinent records, including photographs, depositions, and the police report.

Ms. Roescher's testimony is unique, because he is Defendant's only witness who will testify as to biomedical engineering.

Direct Examination Estimate: 1 hour

Cross Examination Estimate: .75 hours

### 5. Michael Brant-Zawadzki, M.D.

Dr. Brant-Zawadzki is Defendant's retained expert on neuroradiology. Dr. Brant-Zawadzki has reviewed the imaging studies performed on Plaintiff's brain and his spine. Dr. Brant-Zawadzki is expected to offer testimony as to whether these imaging studies show that Plaintiff suffers from any traumatic brain injury as a result of the accident.

Dr. Brant-Zawadzki's testimony is unique because he is Defendant's only witness who will address whether Plaintiff suffers from any traumatic brain injury as a result of the accident, based on Plaintiff's brain structure and the results of these imaging studies.

Direct Examination Estimate: .75 hours

Cross Examination Estimate: .5 hours

      6.    <u>Ilan Danan, M.D.</u>

Dr. Danan is Defendant's retained expert neurologist. Dr. Danan is expected to offer testimony on the following subjects, which were addressed in his Rule 26 Report: (a) the results of his independent medical examination of Plaintiff on May 17, 2024, including the results of Dr. Danan's neurological examination of Plaintiff; (b) the nature of Plaintiff's injuries, specifically relating to Plaintiff's complaints of traumatic brain injury; (c) medical causation for Plaintiff's alleged injuries, from a neurological perspective; and (d) the reasonableness and necessity of past medical care claimed by Plaintiff.

Dr. Danan's testimony is unique, because he is Defendant's only witness who will testify regarding the nature and extent of Plaintiff's injuries relating to nerve function, and whether such injuries were caused by the accident at issue in this case.

                                                  Direct Examination Estimate: 1.25 hour

                                                  Cross Examination Estimate: 1 hour

      7.    <u>Charles H. Hinkin, Ph.D.</u>

Dr. Hinkin is Defendant's retained expert on neuropsychology. Dr. Hinkin is expected to offer testimony on the following subjects, which were addressed in his Rule 26 Report: (a) the results of his independent medical examination of Plaintiff on July 15, 2024, including the results of the neuropsychological tests administered to Plaintiff; (b) the nature and extent of Plaintiff's injuries, if any; (c) whether Plaintiff's injuries were caused by the accident at issue; (d) the reasonableness of the medical treatment claimed by Plaintiff; (e) whether Plaintiff has continuing injuries or cognitive deficits that affect his ability to perform everyday tasks; and (f) whether Plaintiff has continuing injuries or cognitive deficits as a result of this accident that will require future medical treatment.

Dr. Hinkin's testimony is unique, because he is Defendant's only witness who will address Plaintiff's cognitive functioning as assessed through psychological testing.

                                                  Direct Examination Estimate: 1.5 hours

                                                 Cross Examination Estimate: 1 hours

## IV. ANTICIPATED ORDER OF WITNESSES AND TIME ESTIMATES

| 3/18/2025 | 3/19/2025 |
|---|---|
| 1. Plaintiff<br>    a. P: 1.5 hrs<br>    b. D: 0.75 hrs<br>2. Haidary<br>    a. P: 0.5 hrs<br>    b. D: 0.5 hrs<br>3. Labastida<br>    a. P: 0.5 hrs<br>    b. D: 0.5 hrs<br>4. Dr. Mobin<br>    a. P: 1 hr<br>    b. D: 0.5 hrs<br>5. Tenny<br>    a. P: 0.75 hrs<br>    b. D: 0.25 hrs<br>P: 4.25 hrs<br>D: 2.5 hrs<br>Total: 6.75 hrs | 1. Thompson<br>    a. P: 0.75 hrs<br>    b. D: 0.25 hrs<br>2. Chavez<br>    a. P: 0.75 hrs<br>    b. D: 0.25 hrs<br>3. Molnar<br>    a. P: 0.5 hrs<br>    b. D: 1 hr<br>4. Dr. Rudin<br>    a. P: 1 hr<br>    b. D: 1.5 hrs<br>P: 3 hrs<br>D: 3 hrs<br>Total: 6 hrs |
| **3/20/2025** | **3/21/2025** |
| 1. Jan Roughan<br>    a. P: 1 hr<br>    b. D: 0.5 hrs<br>2. Knutson<br>    a. P: 0.5 hrs<br>    b. D: 0.75 hrs<br>3. Rosecher<br>    a. P: 0.75 hrs<br>    b. D: 1 hr<br>4. Dr. Wobrock<br>    a. P: 1 hr<br>    b. D: 0.5 hrs<br>5. Dr. Gross<br>    a. P: 1.25 hrs<br>    b. D: 0.5 hrs<br>P: 4.5 hrs | 1. Dr. Brant Zadawski<br>    a. P: 0.5 hrs<br>    b. D: 0.75 hrs<br>2. Dr. Danan<br>    a. P: 1 hr<br>    b. D: 1.25 hrs<br>3. Dr. Hinkin<br>    a. P: 1 hr<br>    b. D: 1.5 hrs<br>P: 2.5 hrs<br>D: 3.5 hrs<br>Total: 6 hrs |

| | |
|---|---|
| D: 3.25 hrs | |
| Total 7.75 hrs | |

Dated: March 17, 2025            Respectfully submitted,

WESTLAKE INJURY LAW


   /s/ Melissa L. Emerson
RUSS W. ERCOLANI
MELISSA L. EMERSON

Attorneys for Plaintiff
RICHARD CLINTON FOSHEE


JOSEPH T. MCNALLY
Acting United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section


   /s/ Jasmin Yang
JASMIN YANG
PAULINE H. ALARCON
Assistant United States Attorneys

Attorneys for Defendant
UNITED STATES OF AMERICA

*Pursuant to Local Rule 5-4.3.4(2), the filer attests that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.